Filed 6/30/23  P. v. Wermuty CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRIS MATHEW WERMUTY,<br><br>    Defendant and Appellant. | D081421<br><br><br>(Super. Ct. No. SCN034737) |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Appeal dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant Chris Mathew Wermuty, aka Chris Mathew Wermuth, (Wermuth) appeals an order extending for an additional two years his civil commitment to the California Department of Mental Health (DMH) as a person who was previously found not guilty by reason of insanity (NGI).  On appeal his appointed counsel raises no arguable issues, but requests that we nevertheless exercise our discretion to conduct an independent review of the

record.  However, we agree with the reasoning and holding in *People v. Martinez* (2016) 246 Cal.App.4th 1226 (*Martinez*) that the procedures set forth in *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) do not apply to an extension of an NGI civil commitment.  Accordingly, we dismiss this appeal without conducting an independent review of the record pursuant to *Anders/Wende* or otherwise.

FACTUAL AND PROCEDURAL BACKGROUND

Wermuth pleaded guilty in 1996 to recklessly causing a fire of a structure or a forest (Pen. Code, § 452, subd. (c)).  The court found he was insane at the time of the offense and committed him to the State Department of Mental Health pursuant to Penal Code section 1026.  The court has extended his commitment numerous times over the years.  In 2020, Wermuty stipulated to an extension of his commitment until November 27, 2022.

The People filed a petition for extension in July 2022 alleging he still suffers from a mental disease, defect, or disorder and by reason of such mental disease, defect, or disorder represents a substantial danger of physical harm to others.  In support of the petition, the People attached the declaration of Paul Ananias, D.O., the medical director of the state hospital, who provided his opinion that Wermuth is still suffering from a mental disease, defect, or disorder and, as a result, continues to represent a substantial danger of physical harm to others.  It also attached a report from a senior psychologist specialist regarding his May 2022 evaluation with his opinion that Wermuth should be considered for an extension of commitment because he represents a substantial danger of physical harm to others and has serious difficulty controlling his dangerous behavior because of his mental disease, defect, or disorder.

The trial court subsequently appointed two forensic mental health specialists to examine Wermuth pursuant to Penal Code section 1026.2.

Wermuth waived his right to a jury trial. Trial commenced on December 6, 2022 and Wermuth was represented by counsel. The trial court heard testimony from three clinical psychologists who opined that Wermuth suffered from a mental disease or defect that made him a serious risk to cause physical injury to other people if he was released into the community. The court also heard testimony from Wermuth, Wermuth's mother, and his stepfather. After considering the evidence and the arguments of counsel, the court found the People had proven the elements necessary for recommitment under Penal Code section 1026.5 and ordered Wermuth recommitted for a period of two years, until November 27, 2024.

## DISCUSSION

We appointed counsel to represent Wermuth on appeal. His counsel filed a brief summarizing the facts and proceedings below. He requested that we exercise our discretion to independently review the record on appeal pursuant to *Anders/Wende*. Counsel did not identify an arguable issue on appeal but generally directed the court's attention to whether "the evidence was sufficient to sustain the finding that appellant's commitment should be extended under section 1026.5 especially in light of appellant's compliant behavior while in custody of the State Department of Mental Health." Wermuth was provided with a copy of the brief and informed of his right to file a supplemental brief. He has not timely responded.

In *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), the Supreme Court held that the *Anders/Wende* independent review procedures do not apply to civil commitments pursuant to the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, §§ 5000 et seq.). (*Ben C.*, *supra*, at p. 539.)

3

In *Martinez, supra*, 246 Cal.App.4th 1226, the court reviewed *Ben C.* and other relevant cases and held that "due process does not require an appellate court to conduct an independent review of the appellate record [applying *Anders/Wende* procedures] for possible issues in an appeal from an extension of an NGI's civil commitment." (*Martinez, supra*, at p. 1230.)

We agree with the reasoning of *Martinez* as applied to this appeal. Because no reasonably arguable issues have been raised by counsel or appellant, we decline to exercise our *Ben C.* discretion to conduct an independent review of the record in this case pursuant to *Anders/Wende* or otherwise and dismiss the appeal. (*Martinez, supra*, 246 Cal.App.4th at p. 1240.)

DISPOSITION

The appeal is dismissed.

BUCHANAN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.